**Alfred E. Croft, Plaintiff in Error, v. Samuel E. Beecher, Defendant in Error.**

**Gen. No. 18,541. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 1, 1914.

## Statement of the Case.

Action by Alfred E. Croft against Samuel E. Beecher to recover an amount claimed to be due on a subscription agreement for stock. The agreement was signed by the defendant and assigned to the plaintiff. To reverse a judgment in favor of defendant, plaintiff brings error.

The instrument sued on is set out as follows:

"Application Blank No.......
Par Value $1.00 per share.
Dated, Sept. 22nd, 1910.
No stock sold Less Than Par.
Subscription for Capital Stock
Professional Investment Company.

To Messrs. Pratt and Company,
Fiscal Agents,
79 Dearborn Street, Chicago.

You are hereby authorized and empowered to purchase for me, 100 shares of the common stock of the Professional Investment Company, for which I agree to pay to your order, the sum of One Hundred Dollars, payable in the following manner, to-wit; $10.00 down and $10.00 per month until paid for.

SPECIAL NOTICE.

All payments on account of this subscription must be in New York or Chicago Exchange drafts or Post Office Orders made payable to the Professional Investment Co. care of Messrs. Pratt & Co., Fiscal Agents.

SAMUEL E. BEECHER.
Applicants Name in full.
1021 Masonic Temple.
Address."

On the back of this instrument the following appears:

"In receiving this subscription, the Fiscal Agents, their agents or employes, or companies they represent, make no statements or representations other than what appears in the printed literature issued by the companies which speak for themselves.

No contract, agreement or statement made by our agents or employes are valid, other than written in this blank and approved of by the secretary to the company in writing.

MESSRS. PRATT & COMPANY,
Fiscal Agents.

For value received, the within contract and all the payments due or to become due thereunder are hereby assigned to Alfred E. Croft.
(Signed)   PRATT AND COMPANY.''

SAMUEL SHAW PARKS, for plaintiff in error.

ELA, GROVER, MARCH & ECKERT, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 192*—*when memorandum following signature or appearing on back of instrument construed as part of the agreement.* In construing a contract any memorandum either following the signature or on the back or margin of the instrument, made by the agreement of the parties or with their knowledge and acquiescence, contemporaneously with its execution must be treated as forming part of the contract, the same as if it was in the body of the instrument; and where there is no claim or proof that such memorandum was not on the instrument when it was executed and delivered, it will be presumed to have been made contemporaneously with the instrument.

2. CORPORATIONS, § 113*—*assignability of subscription agreement for stock.* A subscription agreement for stock in which payment

for the stock is conditioned upon the issuance of the stock, *held* not a negotiable instrument so that upon assignment thereof the assignee would acquire a legal interest enforceable in courts of law.

3. BILLS AND NOTES, § 100*—*essentials to negotiability.* In order that an instrument shall be negotiable it must amount to an independent promise to pay at all events, at a certain time, to a definite person, a definite amount without condition.

4. BILLS AND NOTES, § 129*—*sufficiency of indorsement to transfer negotiable instrument.* An assignment of a negotiable instrument by a written indorsement of the agents of the owner without signing as agents of the owner, held not to transfer title.

5. APPEAL AND ERROR, § 969*—*when certificate of stock not presented for review.* A certificate of stock cannot be considered on review where it was not introduced in evidence or in some way preserved in the record.

6. CONTRACTS, § 358*—*when affidavit of merits insufficient to put in issue execution of instrument.* An affidavit of merits stating that "said alleged contract was never fully executed" because a certain payment was not made, *held* not to put in issue the execution of the contract.